IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMMY D. BELL, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 04-0257-WS-D |
| C. HADLEY, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the claims against defendants Washington, McWilliams, Coleman, and McCall be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Complaint (Doc. 1).**

Plaintiff's complaint is based on an alleged use of excessive force against him while he was an inmate at the Baldwin County Corrections Center. The persons named as defendants are: Sgt. C. Hadley; Officers T. Smith, B. Smith, M.. Washington, G. Coleman, and O. McWilliams; and Cpl. J. McCall. Defendants Hadley, T. Smith, and B. Smith appeared to be directly involved in the alleged use of excessive force against plaintiff and therefore an order is being entered for a waiver of service of process to be sent to each of them. Whereas, plaintiff's allegations indicate that the other defendants

intervened to stop the incidents.  For example, "[Defendant Hadley] charged me fighting through officer J. McCall and punched me in the face and pushed me in my chest area hard knocking me into officers Coleman and McWilliams where they imediatley grab me under both arms were I couldn't fall or fight back in which I wasn't trying to; anyway, and when Sgt. C. Hadley hit me Officer Washington hit the Sgt. Hadley."  Then, plaintiff alleges that "But Befor I could move he Sgt, Hadley already fought threw Officer J. McCall and hit me, and while Officer Washington knocked Sgt off me He, Washington ordered Officers McWilliams & Coleman to don't hurt are ruff Bell up Hold him up and hell walk to the rail[.]"

Plaintiff continues "I then said, quit liying an't no one fighting you are these officers, I came out my cell to go to the rail and you [T. Smith] and the Sgt jumped me.  Theses other officers has not harmed me, He T. Smith then applied more presure; I choked and gaged, then Officer Washington told Officer T. Smith to let my throat go . . .  And choke me until I was hicted to the rial."  Plaintiff summarizes that "Washington, Capl. J. McCall and McWilliams and Coleman fought off Sgt Haddley and Officers T. Smith from further assaults" and concludes that he "want a temporarily restraining order issued against, T. Smith, and B. Smith, and Sgt. C. Hadley for their assaultes agsinst me."  Even after summarizing that T. Smith, B. Smith, and Sgt. C. Hadley were the personnel who assaulted him, plaintiff wrote a note by his signature that "B. Smith did not assault [him] but help caused it by lying on me and taking me and taking my 30 min walk."

In addition to the claims found in the general description of plaintiff's claims, plaintiff specifically alleges that defendant Washington was negligent for failing to foresee and to stop the use of unnecessary force.

## II. **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v.*

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

*Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

### III. Discussion.

In a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). In the present action, plaintiff's allegations do not show that defendants Washington, McWilliams, Coleman, and McCall were involved in the assault on plaintiff. Rather, the allegations show that these four defendants intervened to stop the alleged assault on plaintiff. Based on these allegations, it appears that each of these four defendants acted reasonably when confronted with the alleged actions of the other officers. *See Skritch v. Thornton,* 280 F.3d 1295, 1302 (11th Cir. 2001) (finding liability may be imposed when there is a failure to take reasonable steps to protect victim).

Furthermore, plaintiff alleged defendant Washington was negligent for failing to foresee and to stop the use of "unnecessary" force. The court notes that negligence is not a basis on which liability may be imposed under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Liability can only be imposed when a defendant acts with subjective recklessness. *Farmer v. Brennan,* 511 U.S. 838, 840-41, 114 S.Ct. 1970, 1980, 128 l.Ed.2d 811 (1994). In the complaint at hand, the allegations convey that the alleged assault by defendants T. Smith and Sgt. Hadley was a spontaneous event and that defendant Washington acted reasonably in his

4

transport of plaintiff and in intervening in the alleged subsequent assault.  Defendant Washington's actions are not described as constituting subjective recklessness necessary for stating an eighth amendment violation.  Moreover, it would be with great difficulty to find negligence based on the allegations as presented.

Accordingly, the undersigned finds that plaintiff has failed to state a claim for a violation of a constitutional right by defendants Washington, McWilliams, Coleman, and McCall.  Thus, plaintiff has failed to state a claim under section 1983.

## IV.  Conclusion.

Based upon the foregoing reasons,  it is recommended that claims against defendants Washington, McWilliams, Coleman, and McCall be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE and ORDERED** this 8th day of September, 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES MAGISTRATE JUDGE**