IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMMY D. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 04-0257-WS-D |
| | ) |
| SERGEANT JAKE HADLEY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This § 1983 prisoner action is before the Court on defendant Sergeant Jake Hadley's Motion to Consolidate (doc. 24). In his Motion, Sgt. Hadley requests that this action (the "First Action") be consolidated with that certain action styled *Jammy D. Bell v. Sgt. Hadley, et al.*, Civil Action 04-0263-WS-D (the "Second Action") henceforth.

A.   **Background.**

On April 21, 2004, plaintiff Jammy D. Bell filed a § 1983 Complaint in the First Action against Sgt. Hadley and five other individual defendants.[1] Bell's claims arise from an incident occurring on March 24, 2004, wherein Sgt. Hadley and T. Smith allegedly physically assaulted him at the Baldwin County Corrections Center, using excessive, unreasonable and unnecessary force in an unprovoked attack that prompted several corrections officers to intervene on Bell's behalf. Based on these allegations, Bell maintains that defendants used excessive force against him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Sgt. Hadley was served with process in the First Action on September 30, 2005, and his Answer is due on November 29, 2005. The other remaining defendant in this case, T. Smith, has apparently not yet been served.

---

[1] Bell's claims against four of those defendants (M. Washington, O. MacWilliams, G. Coleman, and Jerome McCall) were subsequently dismissed without prejudice on October 5, 2005 for failure to state a claim upon which relief can be granted. (Docs. 17, 21-22.) Thus, the only remaining defendants in the First Action are Sgt. Hadley and T. Smith.

Two days after filing the First Action, on April 23, 2004, Bell initiated the Second Action by filing a § 1983 Complaint against Sgt. Hadley and five other individual defendants, only one of whom overlapped with the defendants named in the First Action.[2]  The gravamen of the Second Action is Bell's contention that these defendants assaulted him in the Baldwin County Corrections Center on April 19, 2004 by shoving him into a window facefirst, striking him in the head and face, hitting and kicking him while he was on the ground, cuffing his hands in a manner that caused swelling and bleeding of his wrists, and denying him medical treatment for his injuries.  Defendants filed their Answer and Special Report in the Second Action on August 9, 2005.

**B.      Analysis of Motion to Consolidate.**

Sgt. Hadley's barebones Motion to Consolidate maintains that the two actions "allege nearly identical causes of action, arising from a single common occurrence and set of facts."  (Motion to Consolidate, ¶ 3.)  The Motion also asserts that there are two common defendants in the two actions, and alleges that the interests of judicial economy would be served by such consolidation.

The Motion to Consolidate is governed by Rule 42(a), Fed.R.Civ.P., which affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the court."  *Id.*  The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985);

---

[2]      The five individual defendants other than Sgt. Hadley that were identified in the Second Action included Sergeant David Weatherford, Corporal Randall White, Corporal Melvin Washington, Officer Michael Johns, and John Henry (allegedly a maintenance man).  Cpl. Washington was (but is no longer) a defendant in the First Action, but the other four individual defendants in the Second Action appear to have no connection with the First Action.

*Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").

On the record before the Court, Sgt. Hadley is incorrect in asserting that there is but "a single common occurrence and set of facts" at issue in the two lawsuits. To the contrary, the First Action alleges that Bell was beaten by Sgt. Hadley and T. Smith on March 24, 2004. The Second Action alleges that Bell was beaten by Sgt. Hadley, a number of other corrections officers, and a "maintenance man" nearly a month later, on April 19, 2004, and was subsequently denied medical treatment by these same defendants for the injuries they had caused him. Given these distinctly different allegations, it appears that the two actions address different incidents, separated in time by nearly one month and involving little overlap in the perpetrators of the alleged constitutional deprivations. The Court cannot discern any factual basis for Sgt. Hadley's contention that there is but a single common occurrence and set of facts at issue.

The two actions differ in other respects too. In their present posture, Sgt. Hadley is the only common defendant. Moreover, the cases have progressed to differing procedural junctures. In the Second Action, defendants' Answer and Special Report were filed over two months ago and have been taken under submission by Magistrate Judge DuBose. In the First Action, meanwhile, Sgt. Hadley's Answer is not due for another six weeks, and defendant T. Smith has apparently never been served with process. Finally, while there is overlap in the legal theories utilized by Bell in both § 1983 actions, inasmuch as both cases involve excessive force claims, the Second Action also includes an Eighth Amendment claim for denial of medical care, which is not a part of the First Action.

On this showing, the benefits in terms of judicial economy and efficiency that might be obtained by consolidating the two cases appear decidedly meager, while the risks of confusion, delay and inconvenience occasioned by such consolidation appear substantial. The two actions involve largely different parties, different facts, and partially differing legal theories, and are in differing stages of the litigation process. Based on these considerations, the Court finds that consolidation is neither desirable

nor appropriate at this time, and that the discretion vested in the undersigned by Rule 42(a), Fed.R.Civ.P., is properly exercised against consolidation here.

### C. Conclusion.

For all of the foregoing reasons, defendant Sgt. Hadley's Motion to Consolidate (doc. 24) is **denied**.

DONE and ORDERED this 19th day of October, 2005.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE