IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMMY DEMOND BELL, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 04-0257-WS-D |
| SGT. HADLEY, et al., | : | |
| Defendants. | : | |

**ORDER**

This matter comes before the Court on a Motion to Reopen Case (doc. 37) filed by plaintiff Jammy Demond Bell on March 1, 2006.

Back on December 1, 2005, Bell, an Alabama state inmate proceeding *pro se*, filed a Notice of Voluntary Dismissal (doc. 35) purporting to dismiss this action without prejudice. When defendants failed to object within the prescribed period, this action was dismissed without prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P., on December 20, 2005.  The Court did not impose any conditions on Bell's ability to reopen these proceedings.

On March 1, 2006, Bell filed a one-page handwritten pleading expressing his desire to revoke his Notice of Voluntary Dismissal and stating that he no longer wishes to dismiss his suit. Bell offers no explanation for this request.  In response, defendant Sergeant Jake Hadley has filed an Objection (doc. 38) asserting, without supporting authority, that this action "cannot be reopened absent extraordinary circumstances" and requesting leave to file a memorandum of law in support of his position.  The Court is of the opinion that full-blown briefing on this question is unnecessary, and that defendant could fully have explicated his position by adding another paragraph (with citations to appropriate authorities) in his existing filing.

As a general rule, the voluntary dismissal of a plaintiff's complaint pursuant to Rule 41(a) deprives a court of any power to adjudicate the withdrawn claim.  *See, e.g., Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995).  Having elected to voluntarily dismiss his claims

against defendants in this action, plaintiff cannot "unring" that bell simply because he has changed his mind.  As the Eleventh Circuit has recognized, "[t]he Federal Rules of Civil Procedure ... do not provide any explicit mechanism for 'undismissing,' after judgment, any voluntarily dismissed claims." *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 19 (11th Cir. 1999).  The *Barry* court mused, without deciding, that Rule 60(b), Fed.R.Civ.P. "may provide such relief." *Id.* at 19 n.9; *see also Olmstead v. Humana, Inc.*, 154 Fed.Appx. 800, 803-06 (11th Cir. Nov. 15, 2005) (examining Rule 60(b) factors in considering whether *pro se* plaintiff should have been granted relief from voluntary dismissal without prejudice).  Therefore, if Bell is to obtain any relief from the Order of Dismissal entered in this action, he must do so by making an adequate showing under Rule 60(b).

> As the Eleventh Circuit recently explained:
>
> "Federal Rule of Civil Procedure 60(b) allows a party to request relief from a final judgment. The Rule 60(b) movant cannot prevail simply because the district court could have vacated its order; instead the appellant must demonstrate a justification so compelling that the court was required to vacate its order. ... Rule 60(b) outlines six bases for relief from a final judgment and provides in relevant part: 'On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding [based on] ... newly discovered evidence ... or any other reason justifying relief.' Fed.R.Civ.P. 60(b)."

*Williams v. North Florida Regional Medical Center, Inc.*, 2006 WL 197330, *2 (11th Cir. Jan. 26, 2006) (citation omitted).

Bell has failed to make any showing that any of the Rule 60(b) factors might justify the relief he seeks.  He has not suggested that the Order of Dismissal should be set aside on grounds of "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(1).  He has not identified any "newly discovered evidence" or "fraud" that might warrant relief from that Order.  Rule 60(b)(2), (3).  He has not argued that the Order of Dismissal is void or otherwise defective.  Rule 60(b)(4), (5).  And he has failed to make any showing of extraordinary circumstances that might render him eligible for the catch-all provisions of Rule 60(b)(6).  *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief."); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (request for relief under Rule 60(b)(6) "is intended only for extraordinary circumstances"); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (Rule 60(b)

is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances").

In short, Bell has made no showing that any permissible basis exists for granting him relief pursuant to Rule 60(b), Fed.R.Civ.P., from the Order of Dismissal. Accordingly, the Motion to Reopen Case (doc. 37) is due to be, and the same hereby is, **denied**.

DONE and ORDERED this 7th day of March, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE